UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

EDWARD WILSON AND VIRGILIA WILSON,

          Plaintiffs,

    v.

KING COUNTY, et al.,

          Defendants.

CASE NO. C06-101JLR

ORDER

This matter comes before the court on a second "Emergency Motion for Preliminary and Permanent Injunction . . ." filed by Plaintiffs (Dkt. # 8). Plaintiffs filed a similar ex parte motion, which this court denied (Dkt. # 3). For the reasons stated below, the court DENIES Plaintiffs' motion for injunctive relief.

Plaintiffs' dispute with Defendants stems from the assessment of a fine by King County Department of Environmental Services ("the County") for the accumulation of inoperable vehicles and cats on Plaintiffs' property. Plaintiffs filed suit in this court under 42 U.S.C. § 1983 alleging, among other constitutional claims, a due process violation. Plaintiffs seek damages of $10,000,000 each from the County, County code enforcement officers, Sheryl Lux and Elizabeth Deraitus, and Plaintiffs' neighbor, Defendant Jeanette Bogue.

ORDER – 1

As a preliminary matter, Plaintiffs have not shown that they have properly served the County or Ms. Bogue. Plaintiffs' attempt at service of Ms. Bogue consists of Plaintiff Edward Wilson dropping paperwork off at Ms. Bogue's attorneys' office, while Plaintiffs' attempt to serve King County consists of delivering a summons and complaint to Ms. Deraitus. Neither constitutes proper service. To effect service, Plaintiffs must strictly comply with the procedures set forth in Fed. R. Civ. P. 4. Plaintiffs have not done so.

Next, although Plaintiffs appear to have effectuated service on Ms. Lux and Ms. Deraitus, the court concludes that there is no basis for an injunction against them. In order to obtain a preliminary injunction under Fed. R. Civ. P. 65, Plaintiffs must meet either the Ninth Circuit's "traditional" or "alternative" test. The traditional test requires the court to find that:

> (1) the moving party will suffer irreparable injury if the relief is denied;
> (2) the moving party will probably prevail on the merits; (3) the balance
> of potential harm favors the moving party; and (4) the public interest
> favors granting relief.

Cassim v. Bowen, 824 F.2d 791, 795 (9th Cir. 1987). The alternative test requires the court to find that: "(1) a combination of probable success and the possibility of irreparable injury or (2) that serious questions are raised and the balance of hardships tips sharply in its favor." Id. (internal citations omitted). The two prongs of the alternative test are not separate inquiries, but rather "extremes of a single continuum." Clear Channel Outdoor, Inc. v. City of Los Angeles, 340 F.3d 810, 813 (9th Cir. 2003). The court's ultimate decision on a motion for preliminary injunction is within its discretion. Cassim, 824 F.2d at 796.

Plaintiffs have not set forth any specific facts from which the court can determine a likelihood of probable success on the merits of their civil rights claim. Plaintiffs seek

ORDER – 2

an injunction "to [p]revent [Defendants] from usurping plaintiffs real property land and taking another sum ($6750.00 USD) as it has previously done and to stop the Adjustable Rate Mortgage (ARM) Payment . . . from monthly increases that plaintiff can not pay . . . ." (Dkt. # 8).  In a separate memorandum to the court, Plaintiffs further specify that an injunction is necessary to prevent a loss of their property to Washington Mutual, a company who is not a party to this suit (Dkt. # 9).  Neither of these statements demonstrate that Plaintiffs are likely to prevail on their claims brought pursuant to 42 U.S.C. § 1983 against the Defendants in this lawsuit.  However unfortunate Plaintiffs' current financial situation, they have not shown how enjoining two County employees, Ms. Lux and Ms. Deraitus, will lessen their mortgage payments or prevent foreclosure.

For the foregoing reasons, the court DENIES Plaintiffs' motion for injunctive relief (Dkt. # 8).

Dated this 4th day of May, 2006.

/s/ James L. Robart
JAMES L. ROBART
United States District Judge

ORDER – 3